■ ANNETTE SAUNDERS, Respondent, v 551 GALAXY REALTY CORP. et al., Appellants. (And a Third-Party Action.) [883 NYS2d 549]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 12, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 13, 2006, while at the corner of Atlantic and Nostrand Avenues in Brooklyn, the plaintiff was injured when an air conditioner fell from the window of a building located at 551 Nostrand Avenue, owned by the defendants. The plaintiff commenced this action, and the defendants moved for summary judgment dismissing the complaint on the grounds that the tenant who rented the apartment caused the air conditioner to fall when he was removing it from the window, and that they had no notice of any hazardous conditions that would cause the air conditioner to fall.

The defendants failed to submit sufficient evidence in admissible form to make a prima facie showing of entitlement to judgment as a matter of law. The defendants offered no evidence, other than inadmissible hearsay, as to why the air conditioner fell from the window. The defendants failed to show that they

were not negligent in their initial inspection of the air conditioner's installation. No evidence was provided as to the defendants' general policy on inspecting and maintaining air conditioning units installed on the premises, and the defendants failed to show that, as the owners of the property, they relinquished exclusive control of the apartment and the window from which the air conditioner fell, to a tenant who had no lease, thus absolving them of liability (*see Spanbock v Fifty Fourth St. Condominium*, 3 AD3d 395 [2004]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint without considering the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.