■ STEPHEN ITURRINO, Appellant, v BRISBANE SOUTH SETAUKET, LLC, et al., Defendants, and WALMART REAL ESTATE BUSINESS TRUST, Respondent. (And a Third-Party Action.) [23 NYS3d 386]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 16, 2014, as granted the motion of the defendant Walmart Real Estate Business Trust for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Walmart Real Estate Business Trust for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff commenced this action after he allegedly was injured when he slipped and fell on premises that had been leased by the defendant Walmart Real Estate Business Trust (hereinafter the defendant), and then subleased to another corporate entity. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted the motion. The plaintiff appeals.

"[A]n out-of-possession landlord may be liable for injuries occurring on the premises if 'it has retained control of the premises, is contractually obligated to perform maintenance and repairs, or is obligated by statute to perform such maintenance and repairs' " (*Yehia v Marphil Realty Corp.*, 130 AD3d 615, 616 [2015], quoting *Denermark v 2857 W. 8th St. Assoc.*, 111 AD3d 660, 661 [2013]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565-566 [1987]). However, "where the premises have been leased and subleased and the subtenant assumes the exclusive obligation to maintain the premises, both the out-of-possession landlord and the out-of-possession

lessee/sublessor will be free from liability for injuries to a third party caused by the negligence of the subtenant in possession" (*Mehl v Fleisher*, 234 AD2d 274, 274-275 [1996]; *see Grippo v City of New York*, 45 AD3d 639, 640 [2007]).

Here, viewing the evidence in the light most favorable to the plaintiff, the defendant failed to establish, prima facie, that the nonparty sublessee assumed the exclusive obligation to maintain the premises, and that the defendant, as the lessee/sublessor, had no duty to maintain the premises (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see id.* at 853).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.