Grant v 132 W. 125 Co., LLC (2020 NY Slip Op 01328)





Grant v 132 W. 125 Co., LLC


2020 NY Slip Op 01328


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-06487
 (Index No. 15409/10)

[*1]Calvin Grant, plaintiff-respondent,
v
132 W. 125 Co., LLC, et al., defendants third-party plaintiffs-appellants, J. Wood Pest Control Services, Inc., defendant-respondent, et al., defendant; Beth Israel Hospital, et al., third-party defendants-respondents, et al., third-party defendants.


Rosenblum & Newfield, LLC, White Plains, NY (Peter Koziolkowsky of counsel), for defendants third-party plaintiffs-appellants.
Raskin & Kremins, LLP (Alexander J. Wulwick, New York, NY, of counsel), for plaintiff-respondent.
Rubin, Fiorella & Freidman, LLP, New York, NY (Kenneth S. Fiorella and Rebecca Rose of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated April 21, 2017. The order, insofar as appealed from, denied that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against them, all cross claims insofar as asserted against them, and a third-party counterclaim.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff and the third-party defendants Beth Israel Hospital and Beth Israel Medical Center appearing separately and filing separate briefs.
The plaintiff was employed by the third-party defendant Beth Israel Medical Center (hereinafter Beth Israel) as a manager of a methadone clinic located on the sixth floor of a building owned by the defendant third-party plaintiff 132 W. 125 Co., LLC (hereinafter the landlord), and, with the exception of the first floor, leased to the third-party defendant City of New York. The City subleased the sixth floor of the building to Beth Israel. The defendant third-party plaintiff Enterprise Asset Management, Inc. (hereinafter the managing agent), was the managing agent for the building and was responsible for "the leasing of the property" and "the budgets and financial statement reviews." The defendant Booker & Webb Group, Inc. (hereinafter the property manager), was retained by the landlord to "maintain, operate, manage and supervise the Property" pursuant to a management agreement dated January 1, 1977. That agreement provided that the property manager "shall hire, discharge and supervise the employees at the Property, if any, all of whom shall be deemed to be employees of the [landlord]."
On August 29, 2009, the plaintiff allegedly was injured when he slipped and fell on "a slippery, wet, dangerous and otherwise hazardous condition . . . including, but not limited to chemical residue from [a] fumigation" at his workplace. Immediately prior to the accident, an exterminator employed by the defendant J. Wood Pest Control Services, Inc. (hereinafter J. Wood), which had been retained by the property manager, provided extermination services on the sixth floor. A building porter had accompanied the exterminator to the sixth floor, where the exterminator set off a "fogging machine" in the ceiling and sprayed the ceiling, walls, and baseboards with a liquid solution.
The plaintiff subsequently commenced this action against the landlord and the managing agent (hereinafter together the appellants), and J. Wood to recover damages for personal injuries he allegedly sustained in the accident. The appellants commenced a third-party action against, among others, the City, Beth Israel and Beth Israel Hospital (hereinafter together the Beth Israel defendants), and the property manager. In their answer, the Beth Israel defendants asserted a third-party counterclaim against the appellants for common-law contribution and indemnification. In an amended complaint dated May 14, 2012, the plaintiff added the property manager as a defendant in the main action. Insofar as relevant to this appeal, the appellants subsequently moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them, all cross claims insofar as asserted against them, and the third-party counterclaim. The Supreme Court denied the motion, and this appeal ensued. On appeal, the appellants contend, inter alia, that the landlord was an out-of-possession landlord that had surrendered possession and control of the premises, and thus, neither the landlord nor the managing agent were liable for the plaintiff's alleged injuries. The appellants further argue that they had no notice of the alleged dangerous condition.
An out-of-possession landlord and its agent are not liable for injuries that occur on leased premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct (see Irizarry v Felice Realty Corp., 157 AD3d 874, 874; Casson v McConnell, 148 AD3d 863, 864). Here, the appellants' submissions failed to demonstrate, prima facie, that the landlord was an out-of-possession landlord, that the landlord did not assume a duty by course of conduct to maintain the subject premises, and that the landlord relinquished control over the premises to such a degree as to extinguish its duty to maintain the premises (see Iturrino v Brisbane S. Setauket, LLC, 135 AD3d 907, 908). Moreover, the appellants failed to demonstrate, prima facie, that the landlord did not have actual or constructive notice of the alleged dangerous condition (see Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545). Since the appellants failed to establish their prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination denying that branch of the appellants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them, all cross claims insofar as asserted against them, and the third-party counterclaim.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court