D'Amato v Vitale (2020 NY Slip Op 05884)





D'Amato v Vitale


2020 NY Slip Op 05884


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-12331
 (Index No. 516363/16)

[*1]Anthony D'Amato, et al., respondents,
v
Antonio Vitale, et al., appellants.


O'Connor Redd Orlando LLP, Port Chester, NY (Amy L. Fenno of counsel), for appellants.
Robert P. Sharron and Associates, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated September 6, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 25, 2016, the plaintiff Anthony D'Amato (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on ice on the steps of an exterior stairway at premises owned by the defendants. An awning covered the stairway landing and part of the steps. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendants, alleging negligent maintenance of the stairway. Specifically, they alleged that the injured plaintiff's fall was caused by snow on the awning melting and refreezing on the steps. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
As the proponents of the motion for summary judgment, the defendants had the burden of establishing, prima facie, that they neither created the icy condition nor had actual or constructive notice of it (see Ryan v Taconic Realty Assoc., 122 AD3d 708, 709). A defendant who has actual knowledge of a recurrent dangerous condition in a specific area can be charged with constructive notice of each specific reoccurrence of the condition (see Agosto v City of New Rochelle, 114 AD3d 625, 626; Brown v Linden Plaza Hous. Co., Inc., 36 AD3d 742). The defendants failed to meet their burden of establishing, prima facie, that snow melting from the top of the awning onto the stairs was not a recurring condition of which they did not have notice. Accordingly, we agree with the Supreme Court's determination to deny their motion without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention is not properly before us.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court