Pi Chu Chow v Valley Stream Union Free Sch. Dist. 30 (2020 NY Slip Op 07112)





Pi Chu Chow v Valley Stream Union Free Sch. Dist. 30


2020 NY Slip Op 07112


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-12697
 (Index No. 6693/15)

[*1]Pi Chu Chow, respondent, 
v
Valley Stream Union Free School District 30, et al., defendants, Crane's Tree & Shrub Service, Inc., appellant.


Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for appellant.
Jerald D. Werlin, Flushing, NY (Jordan S. Hoch of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Crane's Tree & Shrub Service, Inc., appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered November 17, 2017. The order denied the motion of the defendant Crane's Tree & Shrub Service, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Crane's Tree & Shrub Service, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On May 16, 2014, the defendant Crane's Tree & Shrub Service, Inc. (hereinafter Crane's), entered into a contract with the defendant Valley Stream Union Free School District 30 (hereinafter the school district) to remove two trees on the premises of the Forest Road School. The trees were removed sometime between May 16, 2014, and June 1, 2014, when Crane's invoiced the school district for, inter alia, the removal of the two trees.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on September 3, 2014, when she tripped and fell due to a hole located on the premises of the Forest Road School that was approximately 12 inches in diameter and approximately 6 to 8 inches deep. The plaintiff alleged that the hole in which she tripped resulted from the negligent removal of one of the subject trees by Crane's. Crane's moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and Crane's appeals.
Contrary to the Supreme Court's determination, Crane's demonstrated its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Crane's did not owe a duty of care to the plaintiff solely by virtue of its contract with the school district (see Church v Callanan Indus., 99 NY2d 104, 111; Espinal v Melville Snow Contrs., 98 NY2d 136, 138). Moreover, contrary to the plaintiff's contention, Crane's demonstrated conclusively "'that it did not launch a force or instrument of harm by negligently creating the dangerous or defective condition complained of'" (Union v Excel Commercial Maintenance, 185 [*2]AD3d 869, 869, quoting Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754). In support of its motion, Crane's submitted, among other things, evidence that, after the work was completed, there were no holes in the area where the trees were removed that were approximately 12 inches in diameter and 6 to 8 inches deep (see Alvarez v Prospect Hosp., 68 NY2d at 324). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's theory that Crane's created a dangerous condition in removing the subject tree was speculative and insufficient to raise a triable issue of fact (see Lima v Village of Garden City, 131 AD3d 947, 948).
In light of our determination, we need not address Crane's remaining contention.
Accordingly, the Supreme Court should have granted Crane's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court