Taliana v Hines REIT Three Huntington Quadrangle, LLC (2021 NY Slip Op 05138)





Taliana v Hines REIT Three Huntington Quadrangle, LLC


2021 NY Slip Op 05138


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-10501
 (Index No. 16649/14)

[*1]Louise Taliana, et al., appellants, 
v
Hines REIT Three Huntington Quadrangle, LLC, et al., respondents, et al., defendant.


Decolator Cohen & DiPrisco, LLP, Garden City, NY (Joseph L. Decolator, Jennifer B. Ettenger, and Dominic DiPrisco of counsel), for appellants.
Casey Law Group, PLLC, Bellmore, NY (Jennifer A. Casey of counsel), for respondents Hines REIT Three Huntington Quadrangle, LLC, and Hines Interests Limited Partnership.
Sheeley LLP, New York, NY (Jon Lichtenstein and Ting Huang of counsel), for respondent CBRE, Inc.
Martyn, Martyn, Smith & Murray, Hauppauge, NY (Susan A. Murray of counsel), for respondent Superior Air Conditioning & Heating Systems, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated July 15, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Hines REIT Three Huntington Quadrangle, LLC, and Hines Interests Limited Partnership, the defendant CBRE, Inc., and the defendant Superior Air Conditioning & Heating Systems, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendants Hines REIT Three Huntington Quadrangle, LLC, and Hines Interests Limited Partnership, the defendant CBRE, Inc., and the defendant Superior Air Conditioning & Heating Systems, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
As is relevant to this appeal, in August 2014, the plaintiff Louise Taliana (hereinafter the plaintiff), and her husband suing derivatively (hereinafter together the plaintiffs), commenced this action against, among others, the defendants Hines REIT Three Huntington Quadrangle, LLC, and Hines Interests Limited Partnership (hereinafter together the Hines defendants), the owners of an office building in Melville in which the plaintiff's employer, Travelers Insurance Company (hereinafter Travelers), rented office space, the defendant CBRE, Inc. (hereinafter CBRE), a property manager of the building, and the defendant Superior Air Conditioning & Heating Systems, Inc. [*2](hereinafter Superior), a company which installed and maintained the HVAC system in the building. The plaintiffs sought, inter alia, to recover damages for personal injuries the plaintiff alleged that she sustained in August 2013 when she slipped and fell on water pooling on the floor that was leaking from an HVAC unit in the ceiling of a break room in the building space occupied by Travelers. After the completion of discovery, the Hines defendants, CBRE, and Superior (hereinafter collectively the moving defendants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated July 15, 2019, the Supreme Court, inter alia, granted those branches of the separate motions, and the plaintiffs appeal. We reverse.
The Supreme Court should have denied those branches of the moving defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, as none of the moving defendants established their prima facie entitlement to judgment as a matter of law. In support of their motions, the moving defendants each submitted, among other things, the transcripts of the deposition testimony of the plaintiff, the general manager of the Hines defendants at the time of the incident, and an individual employed by Travelers at the time of the incident who was responsible for safety issues and served as a liaison between Travelers and the Hines defendants for incidents that occurred in the building.
An out-of-possession landlord and its agent may be liable for injuries occurring on its premises if it has "retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" to perform maintenance and repairs (Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007; see Iturrino v Brisbane S. Setauket, LLC, 135 AD3d 907, 907). Here, contrary to the Hines defendants' contention, they failed to establish, prima facie, that they were out-of-possession landlords, that they did not assume a duty by course of conduct to maintain the area of the building at issue, including the HVAC system, and that they relinquished control over the premises to such a degree so as to extinguish their duty to maintain the premises (see e.g. Iturrino v Brisbane S. Setauket, LLC, 135 AD3d at 908; Saunders v 551 Galaxy Realty Corp., 64 AD3d 564, 564-565). The evidence submitted by the Hines defendants showed that their general manager maintained an office in the premises and was present in Travelers' office space at least once a day. In addition, the general manager testified at his deposition that the Hines defendants contracted for the installation of the HVAC system at issue, oversaw its installation, and approved the construction work. The general manager also testified that it was his practice, upon learning of a problem with the air conditioning system in the building, to address the problem by contacting the chief engineer. Thus, the Hines defendants failed to establish their prima facie entitlement to judgment as a matter of law on the ground that they owed no duty to the plaintiff.
"'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence"' (Griffin v PMV Realty, LLC, 181 AD3d 912, 912-913, quoting Steele v Samaritan Found., Inc., 176 AD3d 998, 999). "A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected" (Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 664-665; see Stevens v St. Charles Hosp. & Rehabilitation Ctr., 165 AD3d 729). "'A party . . . who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific [recurrence] of that condition'" (Pagan v New York City Hous. Auth., 172 AD3d 888, 889, quoting Kohout v Molloy Coll., 61 AD3d 640, 642). "'A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed"' (Asprou v Helenic Orthodox Community of Astoria, 185 AD3d 641, 641, quoting Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017).
Contrary to the determination of the Supreme Court, the Hines defendants also failed to establish, prima facie, that they did not have actual or constructive notice of the alleged dangerous condition or of a recurring condition (see Asprou v Helenic Orthodox Community of Astoria, 185 [*3]AD3d at 642; Bonilla v Southside United Hous. Dev. Fund Corp, 181 AD3d 550, 551). The Hines defendants' general manager admitted that he did not document complaints or maintain a system of tracking complaints, that another employee of the Hines defendants also would receive complaints about the premises, and that he did not know if anyone else employed by the Hines defendants had received any complaints about the HVAC system leaking from the ceiling prior to the plaintiff's alleged accident. Likewise, although the Hines defendants submitted evidence that they contracted with a janitorial company to clean the break room at issue daily, they failed to submit any evidence from individuals employed by the janitorial company to show when they last cleaned or inspected the break room prior to the plaintiff's slip and fall and to show that no one from the janitorial company saw or had actual notice of the leak (see Griffin v PMV Realty, LLC, 181 AD3d at 913). The Hines defendants also failed to establish that they lacked knowledge of a recurring condition with the HVAC system (see D'Amato v Vitale, 187 AD3d 983, 984).
Likewise, CBRE, the property management company responsible for maintaining part of the HVAC system pursuant to a contract with Travelers, failed to eliminate triable issues of fact as to whether it owed a duty to the plaintiff (see e.g. Yu Ying Zhi v J-Mart Group, Inc., 189 AD3d 939, 941). CBRE also failed to demonstrate, prima facie, that it lacked actual and constructive notice of the pooling water in the break room and a recurring condition with the HVAC system (see D'Amato v Vitale, 187 AD3d at 983-984; see e.g. Griffin v PMV Realty, LLC, 181 AD3d at 913).
Superior also failed to establish its prima facie entitlement to judgment as a matter of law. "Although a contractual obligation, standing alone, does not generally give rise to tort liability in favor of a third party, a contractor can be held liable to a third party if it negligently creates a dangerous condition by launching a force or instrument of harm" (Campbell v Barbaro Elec. Co., Inc., 116 AD3d 728, 729; see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142). Here, Superior's submissions demonstrated that it entered into a contract with the Hines defendants' general contractor to install the HVAC system, that the installation was completed approximately eight months before the plaintiff's alleged slip and fall, and that, subsequently, it entered into a contract with Travelers to service and maintain at least a part of that HVAC system, and this contract was in effect at the time of the accident. Superior failed to establish, prima facie, that the source of the leak at issue was not the HVAC system. Superior also failed to eliminate all triable issues of fact as to whether it launched an instrument of harm by creating the alleged recurring condition through its negligent installation or maintenance of the HVAC system (see e.g. Jackson v Conrad, 127 AD3d 816, 818-819).
Since the moving defendants each failed to make a prima facie showing, those branches of their separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them should have been denied without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court