Aloi v Dubriske (2022 NY Slip Op 01979)





Aloi v Dubriske


2022 NY Slip Op 01979


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2020-04925
 (Index No. 622412/18)

[*1]Jaclyn D. Aloi, respondent,
v
Timothy Dubriske, appellant.


James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for appellant.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated May 14, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On September 17, 2018, the plaintiff allegedly was injured when she tripped over a portion of the base of a 10-foot-high basketball hoop, which was situated on the defendant's property, between two trees that were part of a row of trees dividing the plaintiff's and the defendant's properties. The plaintiff alleged that the defendant was negligent in moving the basketball hoop into a known pathway without advising or warning persons known to the defendant to use the pathway. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that he did not breach any duty owed to the plaintiff. In an order dated May 14, 2020, the Supreme Court denied the defendant's motion. The defendant appeals, and we reverse.
Property owners and occupiers owe a duty of reasonable care under the circumstances
to keep their premises safe (see Basso v Miller, 40 NY2d 233, 240-241). The scope of that duty is defined by "the foreseeability of the possible harm" (Tagle v Jakob, 97 NY2d 165, 168), an issue which can be resolved by the court "when but a single inference can be drawn from undisputed facts" (Hessner v Laporte, 171 AD2d 999, 999). A landowner "will not be held liable for injuries arising from a condition on the property that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (Torres v State of New York, 18 AD3d 739, 739; see Miano v Rite Aid Hdqtrs. Corp., 160 AD3d 713; Stanton v Town of Oyster Bay, 2 AD3d 835).
The defendant established his prima facie entitlement to judgment as a matter of law through his deposition testimony, which demonstrated that in or around 2015, the defendant installed the subject basketball hoop in the same location in which it was situated at the time of the accident, and that in 2016, the trees dividing the two properties were planted around the basketball hoop. The defendant testified that the basketball hoop was never moved from that location, and that while the basketball hoop was "technically movable," the base of the hoop was filled with water and very [*2]heavy. Further, the defendant testified that, prior to the date of the accident, he never saw the plaintiff come to his property by walking through the trees. Thus, the defendant established, prima facie, that the basketball hoop did not constitute a dangerous condition on his property, and that he did not breach any duty owed to the plaintiff (see Pusey v Stark, 166 AD3d 918; Miano v Rite Aid Hdqtrs. Corp., 160 AD3d at 714; Kirby v Summitville Fire Dist., 152 AD3d 926). The defendant also established, prima facie, that the location of the basketball hoop did not pose a reasonably foreseeable hazard (see Pusey v Stark, 166 AD3d at 919).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's theory that the defendant created a dangerous condition by moving the basketball hoop into the space between the trees where the accident occurred, at some unspecified point in time prior to the accident and with knowledge that the plaintiff used that space between the trees to access his property, was speculative and insufficient to raise a triable issue of fact (see Pi Chu Chow v Valley Stream Union Free Sch. Dist. 30, 188 AD3d 1277, 1278).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court