Cali Dev. Corp. v Church Side Realty, LLC (2022 NY Slip Op 04786)

Cali Dev. Corp. v Church Side Realty, LLC

2022 NY Slip Op 04786

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-13586
 (Index No. 510233/14)

[*1]Cali Development Corp., appellant, 
v
Church Side Realty, LLC, et al., respondents, et al., defendants (and third-party actions). Kritzer Law Group, Smithtown, NY (Karl Zamurs of counsel), for appellant.

Jonathan W. Tribiano, PLLC, Staten Island, NY, for defendants Church Side Realty, LLC, and Robert Calcagno.
Morris Duffy Alonso & Faley, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for third-party/second third-party defendants.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated October 9, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment dismissing the defendants' counterclaims.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment dismissing the defendants' counterclaims is granted.
The plaintiff, Cali Development Corp., owns a three-story building in Brooklyn. The plaintiff commenced this action against, among others, the owner of the abutting property, Church Side Realty, LLC, and its managing member, Robert Calcagno (hereinafter together Church Side), alleging that Church Side had illegally excavated under the plaintiff's building, causing water intrusion and undermining the structural integrity of the plaintiff's building. Church Side asserted counterclaims alleging that the plaintiff negligently failed to maintain and repair a malfunctioning water ejection pump located in the basement of its premises, causing water to enter Church Side's property. The plaintiff and Church Side commenced separate third-party actions against the plaintiff's tenant, TTT Brooklyn, Inc., and its principal, Benjamin Tretout (hereinafter together TTT), alleging that TTT was responsible for maintaining the water ejection pump. TTT operated a restaurant on the ground floor and basement of the plaintiff's building.
The plaintiff moved for summary judgment dismissing the counterclaims, arguing that it was an out-of-possession landlord with no duty to maintain the water ejection pump. The Supreme Court, inter alia, denied the plaintiff's motion, and this appeal ensued.
An out-of-possession landlord is not liable for injuries that occur on leased premises "unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" to perform the relevant maintenance or repairs (Grant [*2]v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007; see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351). Here, where the counterclaims sound in common-law negligence and the pleadings do not allege the violation of a statutory duty, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord that did not assume a duty to maintain the water ejection pump by contract or course of conduct (see Gallina v 7901-11 13th Ave. Realty Corp., 186 AD3d 1617, 1618; Fox v Patriot Saloon, 166 AD3d 950, 951; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946).
The papers submitted in opposition failed to raise a triable issue of fact. Church Side's contention that the plaintiff was not an out-of-possession landlord because it employed a superintendent for the building and retained a right of reentry for inspection and repairs is improperly raised for the first time on appeal (see Federal Natl. Mtge. Assn. v Woolstone, 196 AD3d 548, 549). Church Side's contention that the cause of the leak was actually a broken sewer pipe located under a floor slab, which Church Side argued was the plaintiff's responsibility under the lease, improperly asserted a new theory of liability not set forth in the counterclaims or bill of particulars (see Mellon v Ribaudo, 199 AD3d 675, 678; Xiao Yan Ye v Din Lam, 191 AD3d 827, 828; Anonymous v Gleason, 175 AD3d 614, 617; Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796). Moreover, the submissions in support of this new theory were speculative and insufficient to raise a triable issue of fact (see Pi Chu Chow v Valley Stream Union Free Sch. Dist. 30, 188 AD3d 1277, 1278; Frazier v Hunte, 188 AD3d 1162, 1163).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment dismissing the counterclaims.
In light of our determination, we need not address the parties' contentions regarding whether the plaintiff had actual or constructive notice of the condition.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court