Maharaj v Kreidenweis (2023 NY Slip Op 01185)

Maharaj v Kreidenweis

2023 NY Slip Op 01185

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-06942
 (Index No. 705304/18)

[*1]Gerald Maharaj, et al., appellants, 
v
Marianne Kreidenweis, et al., respondents.

Marino & Marino, P.C., Great Neck, NY (Salvatore R. Marino of counsel), for appellants.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered August 12, 2020. The judgment, upon an order of the same court entered July 27, 2020, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
The plaintiffs commenced this action to recover damages for injuries they each allegedly sustained after slipping and falling on icy steps at a two-family residential building owned by the defendants. The defendants moved for summary judgment dismissing the complaint on the grounds that they were out-of-possession landlords who were not responsible for the condition that allegedly caused the accident, and that they neither created the condition nor had actual or constructive notice of it. The Supreme Court granted the motion. The plaintiffs appeal.
"Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (Henry v Hamilton Equities, Inc., 34 NY3d 136, 142; see Gronski v County of Monroe, 18 NY3d 374, 379). "That duty is premised on the landowner's exercise of control over the property, as 'the person in possession and control of property is best able to identify and prevent any harm to others'" (Gronski v County of Monroe, 18 NY3d at 379, quoting Butler v Rafferty, 100 NY2d 265, 270). "In contrast, a 'landowner who has transferred possession and control [i.e., an out-of-possession landlord] is generally not liable for injuries caused by dangerous conditions on the property'" (Henry v Hamilton Equities, Inc., 34 NY3d at 142, quoting Gronski v County of Monroe, 18 NY3d at 379). Even where it is established that the landowner is an out-of-possession landlord, liability may be imposed, inter alia, where the landowner has retained control over the premises and has assumed a responsibility to perform the relevant maintenance or repair by contract or a course of conduct (see Henry v Hamilton Equities, Inc., 34 NY3d at 142; Gronski v County of Monroe, 18 NY3d at 380-381; Cali Dev. Corp. v Church Side Realty, LLC, 208 AD3d 451, 452).
Here, the defendants' submissions failed to establish, prima facie, that they were out-of-possession landlords. The defendants did not submit a copy of any lease, and the deposition testimony submitted in support of the motion failed to establish, prima facie, that the defendants had transferred possession and control of the premises (see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351; Muller v City of New York, 185 AD3d 834, 835; Robbins v 237 Ave. X, LLC, 177 AD3d 799, 800). Moreover, the deposition testimony submitted in support of the motion included testimony that the defendants were responsible for maintaining the property, including snow removal, and had engaged in snow removal on the premises. The defendants thus also failed to establish, prima facie, that they had no duty, by contract or course of conduct, to remove snow and ice from the premises (see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d at 1351; Muller v City of New York, 185 AD3d at 835; Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545).
As the proponents of the motion for summary judgment, the defendants had the burden of establishing, prima facie, that they neither created the icy condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Elizee v Village of Amityville, 172 AD3d 1004; Ryan v Taconic Realty Assoc., 122 AD3d 708, 709; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839). "A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (Lauzon v Stop & Shop Supermarket, 188 AD3d 856, 857; see Seedat v Capital One Bank, 170 AD3d 769; Ariza v Number One Star Mgt. Corp., 170 AD3d 639). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Clarke v 1710, LLC, 209 AD3d 828, 829; Anderson v United Parcel Serv., Inc., 194 AD3d 675, 677-678).
Here, the defendants failed to meet their burden, as they merely pointed to gaps in the plaintiffs' case. Further, the evidence the defendants submitted failed to eliminate triable issues of fact as to whether they knew or should have known of the allegedly icy condition on the steps. Since the defendants failed to make a prima facie showing, their motion for summary judgment dismissing the complaint should have been denied, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court