Straub v JM Prop. of Sayville, LLC (2023 NY Slip Op 02138)

Straub v JM Prop. of Sayville, LLC

2023 NY Slip Op 02138

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-05768
 (Index No. 610426/17)

[*1]Linda Straub, appellant,
v
JM Property of Sayville, LLC, respondent.

Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz and Shawn Alfano of counsel), for appellant.
Gannon Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated June 29, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In May 2016, the plaintiff worked as a server at Butera's Restaurant (hereinafter Butera's) in Sayville. Butera's rented the restaurant's premises, which were located in a building with multiple commercial units, from the defendant, JM Property of Sayville, LLC. While at work, the plaintiff slipped and fell on a short ramp between the ground and the raised base of an outdoor walk-in refrigerator. The ramp and the refrigerator had been installed by Butera's in 2010. The plaintiff thereafter commenced this action to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion by order dated June 29, 2020. The plaintiff appeals.
Generally, an out-of-possession landlord is "not liable for injuries that occur on leased premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007; see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Here, the defendant demonstrated, prima facie, that no duty was imposed upon it by statute and that it did not assume a duty through contract or course of conduct (see Barger v Only Props., LLC, 193 AD3d 1027; Behluli v 228 Hotel Corp., 172 AD3d 1151, 1152). Contrary to the plaintiff's contention, while the defendant made regular visits to the building, mainly to maintain the building's common areas, the deposition testimony, including that of a representative of Butera's, showed that the defendant did not perform maintenance in the premises rented by Butera's.
In opposition, the plaintiff failed to raise a triable issue of fact, including as to the existence of alleged statutory violations, since the cited statutes were inapplicable.
In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court