Townsend v City of New York (2023 NY Slip Op 06159)

Townsend v City of New York

2023 NY Slip Op 06159

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-02726
 (Index No. 711239/17)

[*1]Katrina Townsend, respondent, 
v
City of New York, defendant, New York City Housing Authority, appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Patrick J. Lawless of counsel), for appellant.
Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered January 29, 2020. The order denied the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
Sometime between 2:00 a.m. and 3:00 a.m. on January 6, 2017, the plaintiff allegedly slipped and fell on a walkway at the Queensbridge Houses South, in Long Island City. The plaintiff testified three times about the event, twice at hearings pursuant to General Municipal Law § 50-h and once at an examination before trial. At each of the hearings pursuant to General Municipal Law § 50-h, the plaintiff characterized the hazard on which she had slipped as ice, while at the examination before trial, she described the hazard as "dirty, crunchy" snow. It is undisputed that at the time the plaintiff fell, it was snowing, with at least some snow accumulated on the ground.
The plaintiff commenced this action to recover damages for personal injuries against the defendant New York City Housing Authority (hereinafter the defendant), among others. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the defendant appeals.
"As the proponent[ ] of the motion for summary judgment, the defendant[ ] had the burden of establishing, prima facie, that [it] neither created the icy condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Maharaj v Kreidenweis, 214 AD3d 717, 719). "'This burden may be established by presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell'" (Colon v New York City Tr. Auth., 201 AD3d 867, 868, quoting Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735).
Here, the defendant established that there was an ongoing storm at the time of the plaintiff's fall by submitting an expert affidavit and climatological and weather records, and by pointing to the plaintiff's own admissions. Thus, the defendant met its burden of establishing, prima facie, its entitlement to judgment as a matter of law under the storm in progress doctrine.
"Accordingly, the burden shifted to the plaintiff to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of [her] accident" (Meyers v Big Six Towers, Inc., 85 AD3d 877, 877). An affidavit of the plaintiff's expert, in combination with the plaintiff's testimony and the sworn statement of the sole witness to the accident, was sufficient to raise a triable issue of fact as to whether the plaintiff slipped on ice, rather than snow, and whether such ice formed prior to the storm such that the defendant had a duty to make the path safe prior to the alleged time of the plaintiff's accident (see Gervasi v Blagojevic, 158 AD3d 613, 614). Accordingly, the Supreme Court properly denied the defendant's motion.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court