Cicio v Kingswood Props., LLC (2024 NY Slip Op 00611)

Cicio v Kingswood Props., LLC

2024 NY Slip Op 00611

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-02282
 (Index No. 605995/15)

[*1]Phyllis Cicio, respondent, 
v
Kingswood Properties, LLC, appellant.

Martyn Smith Murray & Yong, Hauppauge, NY (Jennifer A. Galarza and David Smith of counsel), for appellant.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn, Andrew J. Fisher, and Ross Friscia], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered April 13, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant landlord to recover damages for personal injuries that the plaintiff allegedly sustained when she slipped and fell on the kitchen floor of the store where she was employed. The plaintiff testified at her deposition that she slipped on grease on the floor and then fell when her foot became caught in an uneven depression in the wood and tile flooring. The defendant moved for summary judgment dismissing the complaint. In an order entered April 13, 2022, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
"Generally, an out-of-possession landlord is 'not liable for injuries that occur on leased premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Straub v JM Prop. of Sayville, LLC, 215 AD3d 991, 992, quoting Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007; see Voltaire v City of New York, 217 AD3d 724, 725; Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1105). Here, since the complaint sounds in common-law negligence and the pleadings do not allege the violation of a statute, the defendant could not be held liable unless it owed a duty assumed by contract or a course of conduct (see McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714).
Contrary to the defendant's contention, it failed to establish, prima facie, that it was not contractually obligated to maintain the floor or to repair the alleged flooring defect in the area where the plaintiff fell, as the defendant failed to submit a complete copy of its lease with the tenant (see Michalczuk v Resort Realty Assoc. Partnership, 131 AD3d 457, 458; Lalicata v 39-15 Skillman Realty Co., LLC, 63 AD3d 889, 890). Further, the defendant failed to demonstrate, prima facie, that it relinquished control over the premises to such a degree as to extinguish any duty it owed to maintain the premises (see Gronski v County of Monroe, 18 NY3d 374, 380-381; Taliana v Hines [*2]REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351; Grant v 132 W. 125 Co., LLC, 180 AD3d at 1007). Moreover, the defendant failed to demonstrate, prima facie, that it lacked constructive notice of the alleged flooring defect, as the defendant's managing partner, Charles Serota, testified at his deposition that he periodically inspected the premises, and he did not indicate when he had last inspected the premises prior to the accident (see Paraskevopoulos v Voun Corp., 216 AD3d 983, 985; Pena v Pep Boys-Manny, Moe & Jack of Del., Inc., 216 AD3d 809, 810).
Accordingly, since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court