Claus v County of Nassau (2024 NY Slip Op 02518)

Claus v County of Nassau

2024 NY Slip Op 02518

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-07601
 (Index No. 8798/15)

[*1]Carol Claus, appellant, 
v
County of Nassau, et al., respondents.

Sanford L. Pirotin, P.C., Westbury, NY (William S. Kansas of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Stephen Carlin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Helen Voustinas, J.), entered October 13, 2021. The order granted the motion of the defendant County of Nassau for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured as a result of a fall at Wantagh Park (hereinafter the park), which was owned by the defendant County of Nassau. The plaintiff commenced this action against, among others, the County to recover damages for personal injuries. The County moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered October 13, 2021, the Supreme Court granted the County's motion. The plaintiff appeals.
A property owner will not be held liable for injuries sustained from a condition on the property which is inherent or incidental to the nature of the property and which could reasonably be anticipated by those using it (see Aloi v Dubriske, 203 AD3d 998, 999). Here, the plaintiff fell in an area of the park which was characterized by reed beds and which was not intended to be a public walkway (see Pusey v Stark, 166 AD3d 918, 919). The County established, prima facie, that the condition that caused the plaintiff's fall was incidental to the nature of the property and could reasonably have been anticipated in that location (see Mazzola v Mazzola, 16 AD3d 629, 630; Moriello v Stormville Airport Antique Show & Flea Mkt., 271 AD2d 664, 665). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560). Contrary to the plaintiff's contention, the discovery allegedly provided by the County after the summary judgment motion was fully submitted did not require denial of the summary judgment motion, as the plaintiff failed to demonstrate that the facts contained in that discovery were relevant or exclusively within the knowledge and control of the County (see Quintanilla v Mark, 210 AD3d 713, 714).
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court