Kerr-Inniss v Williams (2024 NY Slip Op 04309)

Kerr-Inniss v Williams

2024 NY Slip Op 04309

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-05431
 (Index No. 710815/21)

[*1]Jodian Kerr-Inniss, appellant, 
v
Ray Williams, respondent.

David Resnick & Associates, P.C. (Monier Law Firm, PLLC, New York, NY [Philip Monier III], of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered May 16, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on snow and ice along a snow-covered backyard area on the defendant's premises. The plaintiff's deposition testimony established that she had seen the snow and ice condition prior to her fall and that she had stepped off the defendant's cleared driveway to traverse the snow-covered backyard area to access garbage pails in the rear of the premises. The defendant moved for summary judgment dismissing the complaint. In an order entered May 16, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals, and we affirm.
A property owner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "The scope of that duty is defined by 'the foreseeability of the possible harm'" (Aloi v Dubriske, 203 AD3d 998, 999, quoting Tagle v Jakob, 97 NY2d 165, 168). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (Costidis v City of New York, 159 AD3d 871, 871; see Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837).
Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that he had no duty to remedy the snow and ice condition along the backyard area, which was not intended to be traversed (see Grosskopf v Beechwood Org., 166 AD3d 860, 860; Belo-Osagie v Starrett City Assn., 41 AD3d 521, 521; Wesolowski v Wesolowski, 306 AD2d 402), and that the snow and ice condition was open and obvious, and not inherently dangerous (see De Chica v Saldana, 153 AD3d 782, 783). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court