Williams-McKay v Parkgate Communications, Inc. (2024 NY Slip Op 04481)

Williams-McKay v Parkgate Communications, Inc.

2024 NY Slip Op 04481

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-00984
2023-01626
 (Index No. 605830/20)

[*1]Karolyn Williams-McKay, respondent, 
v
Parkgate Communications, Inc., appellant.

Lewis Johs Avallone Aviles, LLP, New York, NY (Amy E. Bedell of counsel), for appellant.
Law Office of Jay D. Jacobson, PLLC (Hogan & Cassell, LLP, Jericho, NY [Michael Cassell], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), entered January 3, 2023, and (2) a corrected order of the same court entered January 26, 2023. The order and the corrected order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order entered January 3, 2023, is dismissed, as that order was superseded by the corrected order; and it is further,
ORDERED that the corrected order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2018, the plaintiff was employed by Veterans Transportation (hereinafter Veterans) as a school bus driver. On the morning of April 16, 2018, the plaintiff reported to work, took a bus, completed her route, and then returned to park the bus at around 9:20 a.m. in a bus yard located in Garden City. After parking the bus in the bus yard, the plaintiff exited the bus, took approximately seven steps, and stepped into a pothole, causing her to fall. At the time of the accident, the defendant, Parkgate Communications, Inc., owned the bus yard where the accident occurred (hereinafter the subject premises). Pursuant to an oral agreement, Veterans leased the subject premises from the defendant.
The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, maintaining the subject premises. Subsequently, the defendant moved for summary judgment dismissing the complaint. By order entered January 3, 2023, the Supreme Court denied the defendant's motion. In a corrected order entered January 26, 2023, the court denied the defendant's motion. The defendant appeals from both the order and the corrected order.
"Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (Henry v Hamilton [*2]Equities, Inc., 34 NY3d 136, 142; see Gronski v County of Monroe, 18 NY3d 374, 379). "That duty is premised on the landowner's exercise of control over the property, as 'the person in possession and control of property is best able to identify and prevent any harm to others'" (Gronski v County of Monroe, 18 NY3d at 379, quoting Butler v Rafferty, 100 NY2d 265, 270; Maharaj v Kreidenweis, 214 AD3d 717, 718 [internal quotation marks omitted]). "In contrast, a 'landowner who has transferred possession and control [i.e., an out-of-possession landlord] is generally not liable for injuries caused by dangerous conditions on the property'" (Henry v Hamilton Equities, Inc., 34 NY3d at 142, quoting Gronski v County of Monroe, 18 NY3d at 379). Here, viewing the evidence submitted in support of the defendant's motion in the light most favorable to the plaintiff (see Amparo v Christopher One Corp., 225 AD3d 652, 654), the defendant failed to establish, prima facie, that it was an out-of-possession landlord of the subject premises on the date of the accident. Indeed, this evidence failed to establish that the defendant had transferred possession and control of the subject premises to Veterans at the time of the accident (see Maharaj v Kreidenweis, 214 AD3d at 719; Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351). Thus, the defendant failed to establish, prima facie, that it did not owe a duty to the plaintiff on the date of the accident.
Further, the evidence the defendant submitted in support of its motion failed to eliminate a triable issue of fact as to whether it knew or should have known of the alleged pothole on the subject premises prior to the date of the accident (see Maharaj v Kreidenweis, 214 AD3d at 719).
Since the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law, its motion for summary judgment dismissing the complaint was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court