■ MARIE CARMINATI, Respondent, v ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE et al., Appellants. [774 NYS2d 413]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated January 21, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

An owner of real property may be held liable for a hazardous snow or ice condition on its property if he or she had actual or constructive notice of the hazardous condition or created the condition (*see Wilson v Prazza*, 306 AD2d 466 [2003]; *Voss v D&C Parking*, 299 AD2d 346 [2002]). Here, the defendants established their prima facie entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiff to submit admissible evidence establishing a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition to the defendants' motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the defendants created the ice condition on the

walkway that caused her to fall or had actual knowledge of the ice condition, or whether the ice condition existed for a sufficient length of time to charge them with constructive notice of it (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972, 973-974 [1994]; *Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Boddie v New Plan Realty Trust,* 304 AD2d 693 [2003]; *Javurek v Gardiner,* 287 AD2d 544 [2001]; *Alexander v City of New York,* 277 AD2d 334 [2000]).

The plaintiff's allegation that the defendants were negligent in that they failed to provide adequate lighting for the walkway was improperly raised for the first time in opposition to the motion. Hence, the plaintiff could not rely on this new theory of liability to defeat the motion (*see Slacin v Aquafredda,* 2 AD3d 624 [2003]; *Araujo v Brooklyn Martial Arts Academy,* 304 AD2d 779 [2003]; *Alvarez v Lindsay Park Hous. Corp.,* 175 AD2d 225 [1991]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.