Muller v City of New York (2020 NY Slip Op 03921)





Muller v City of New York


2020 NY Slip Op 03921


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-05095
 (Index No. 517890/16)

[*1]Eileen Muller, respondent, 
v
City of New York, appellant, et al., defendants.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for appellant.
George Zelma (Law Office of Stephen Z. Williamson, PLLC, Forest Hills, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated March 13, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a librarian employed by the Brooklyn Public Library, fell while stepping out of an allegedly mis-leveled staff elevator at a branch of the library. The defendant City of New York owned the building where she fell. The plaintiff commenced this action to recover damages for personal injuries against the City, among others. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 13, 2019, the Supreme Court, inter alia, denied that branch of the City's motion. The City appeals.
"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267 [internal quotation marks omitted]). However, "[a]n out-of-possession landlord and its agent are not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty" (Irizarry v Felice Realty Corp., 157 AD3d 874, 874).
Here, the City failed to establish, prima facie, that, as the owner of the building, it had no duty, by contract or course of conduct, to repair the elevator inside the building (see Robbins v 237 Ave. X, LLC, 177 AD3d 799, 800; Irizarry v Felice Realty Corp., 157 AD3d at 875). By failing to provide admissible evidence to prove the City's lack of responsibility for maintenance and repairs, the City failed to "demonstrate the absence of any material issue of fact" (Econobill Corp. v S & S Mach. Corp., 62 AD3d 940, 942; cf. Green v City of New York, 76 AD3d 508, 509).
Further, the City "failed to demonstrate, prima facie, that it did not have constructive notice of the allegedly defective condition that caused the plaintiff to fall" (Rodriguez v Sheridan [*2]One Co., LLC, 177 AD3d 801, 802). In addition, contrary to the City's contention, it failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the plaintiff was unable to identify the cause of her fall without resorting to speculation (see Perez v Wendell Terrace Owners Corp, 150 AD3d 1162, 1163).
Since the City failed to demonstrate its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, we agree with the Supreme Court's determination denying that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
LEVENTHAL, J.P., MILLER, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court