Vidal v City of New York (2021 NY Slip Op 06210)





Vidal v City of New York


2021 NY Slip Op 06210


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-09095
 (Index No. 12783/15)

[*1]Mercedes Vidal, et al., plaintiffs-respondents,
v
City of New York, defendant-respondent, Myrtle Avenue Business Improvement District, appellant.


Michael C. Tromello, Melville, NY (Stephen J. Donnelly of counsel), for appellant.
Robyn M. Brilliant, P.C., New York, NY (Susan R. Nudelman of counsel), for plaintiffs-respondents.
Georgia M. Pestana, Corporation Counsel, New York, NY (Deborah A. Brenner and Susan Paulson of counsel of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Myrtle Avenue Business Improvement District appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered June 6, 2018. The order, insofar as appealed from, denied the motion of the defendant Myrtle Avenue Business Improvement District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted that branch of the plaintiffs' cross motion which was to compel the defendant City of New York to produce an employee for deposition.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiffs' cross motion which was to compel the defendant City of New York to produce an employee for deposition is dismissed, as the defendant Myrtle Avenue Business Improvement District is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On August 10, 2014, the plaintiff Mercedes Vidal (hereinafter the injured plaintiff) allegedly tripped and fell on an uneven area of a public sidewalk on Myrtle Avenue in Queens abutting a plaza owned by the defendant City of New York. Pursuant to a contract between the City and Myrtle Avenue District Management Association, Inc., the defendant Myrtle Avenue Business Improvement District (hereinafter MABID) provided certain "maintenance services" to the City in the area of the sidewalk where the injured plaintiff allegedly fell. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the City and MABID, alleging that the defendants were negligent in failing to maintain the sidewalk in a reasonably safe condition. MABID moved for summary judgment dismissing the complaint and all cross claims [*2]insofar as asserted against it. The plaintiffs cross-moved, inter alia, to compel the City to produce for deposition an employee with knowledge of the accident location and the contract between the City and Myrtle Avenue District Management Association, Inc. In an order entered June 6, 2018, the Supreme Court, among other things, denied MABID's motion and granted that branch of the plaintiffs' cross motion which was to compel the City to produce an employee for deposition. MABID appeals.
MABID is not aggrieved by the portion of the order granting that branch of the plaintiffs' cross motion which was to compel the City to produce an employee for deposition, as this relief was sought against the City and not against MABID (see Mixon v TBV, Inc., 76 AD3d 144, 156-157). Accordingly, MABID's appeal from this portion of the order must be dismissed.
The Supreme Court properly denied MABID's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (Cortes v City of New York, 188 AD3d 643, 644; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). However, a party who enters into a contract may be said to have assumed a duty of care to persons outside the contract where, among other situations, "the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140; see LaGuarina v Metropolitan Tr. Auth., 109 AD3d 793, 795). Here, the evidence submitted by MABID failed to eliminate triable issues of fact as to whether MABID had displaced the City's duty to the injured plaintiff to maintain the sidewalk in a reasonably safe condition (see Yanovskiy v Tim's Diagnostic Auto Ctr., 170 AD3d 1089, 1090; Del Vecchio v Danielle Assoc., LLC., 94 AD3d 941; cf. Sverdlin v Gruber, 289 AD2d 475, 477). Accordingly, the court properly denied MABID's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court