McDonnell v Blockbuster Video, Inc. (2022 NY Slip Op 01296)





McDonnell v Blockbuster Video, Inc.


2022 NY Slip Op 01296


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-10620
 (Index No. 700255/10)

[*1]Michael McDonnell, appellant, 
v
Blockbuster Video, Inc., defendant, Elmnic, LLC, et al., respondents.


Scott Baron & Associates, P.C., Howard Beach, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Roland T. Koke of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered August 28, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Elmnic, LLC, and Daniel Zenkel which was for summary judgment dismissing the complaint insofar as against the defendant Elmnic, LLC, and denied the plaintiff's cross motion pursuant to CPLR 3126 for discovery sanctions.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in 2010 when he tripped and fell upon stepping into a hole in a parking lot. The subject property was owned by the defendant Elmnic, LLC (hereinafter Elmnic), and leased by the defendant Blockbuster Video, Inc. (hereinafter Blockbuster). The defendant Daniel Zenkel was, among other things, the manager of Elmnic, in which he had an ownership interest. Elmnic and Zenkel (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, inter alia, on the basis that Elmnic was an out-of-possession landlord with no duty to maintain or repair the parking lot. The plaintiff cross-moved pursuant to CPLR 3126 for discovery sanctions. In an order entered August 28, 2019, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as against Elmnic and denied his cross motion.
An "out-of-possession landlord [is] not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty" (Muller v City of New York, 185 AD3d 834, 835 [internal quotation marks omitted]; see King v Marwest, LLC, 192 AD3d 874, 876; Ferraro v 270 Skip Lane, LLC, 177 AD3d 651, 652). Here, the complaint sounds in common-law negligence and the pleadings do not allege the violation of a statute (see Ferraro v 270 Skip Lane, LLC, 177 AD3d at 652; Fox v Patriot Saloon, 166 AD3d 950, 951).
The defendants demonstrated, prima facie, through, inter alia, the lease and the deposition testimony of Zenkel, that Elmnic did not assume a duty by contract or course of conduct to maintain the parking lot (see Barger v Only Props., 193 AD3d 1027, 1028; Ferraro v 270 Skip Lane, LLC, 177 AD3d at 652). Specifically, the lease submitted by the defendants provided that Blockbuster, the tenant, not Elmnic, was responsible for the maintenance of the parking lot and that the tenant had the exclusive right to park in spaces in the lot.
Contrary to the plaintiff's contention, Elmnic's responsibility under the lease to make certain repairs to the premises did not defeat Elmnic's claim that it was an out-of-possession landlord, as it is possible for an out-of-possession landlord to have a limited duty to maintain or repair a leased property in some specific respect while having no responsibility to maintain or repair the leased property in another respect (see King v Marwest, LLC, 192 AD3d at 876-877). When an out-of-possession landlord retains some control and some contractual duty to make repairs to the leased premises, the question of liability will turn on whether the injury-producing condition fell within the landlord's contractual responsibilities (see Ferraro v 270 Skip Lane, LLC, 177 AD3d at 652; Fox v Patriot Saloon, 166 AD3d at 951; Duggan v Cronos Enters., Inc., 133 AD3d 564, 564).
In opposition, the plaintiff failed to raise a triable issue of fact (see Fox v Patriot Saloon, 166 AD3d at 951).
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3126 for discovery sanctions, as there was no evidence of spoliation nor a showing that Elmnic failed to respond to demands for discovery or to comply with court orders for disclosure (see id.; Ambroise v Palmana Realty Corp., 197 AD3d 1226, 1228; Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679-680; McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1095).
The plaintiff's remaining contention with respect to constructive possession is without merit. In light of our determination, we need not address the plaintiff's remaining contentions regarding whether Elmnic had actual and/or constructive notice of the condition.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as against Elmnic and properly denied the plaintiff's cross motion.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court