Achee v Merrick Vil., Inc. (2022 NY Slip Op 04888)

Achee v Merrick Vil., Inc.

2022 NY Slip Op 04888

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-07606
 (Index No. 707644/16)

[*1]Christian Achee, appellant, 
v
Merrick Village, Inc., respondent.

Antin, Ehrlich & Epstein, LLP, New York, NY (Samuil Serebryanyy of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas P. Hurzeler and Kenneth J. Kim of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered September 23, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend his bill of particulars.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in 2016 to recover damages for personal injuries he allegedly sustained in 2015. In the complaint and the bill of particulars, the plaintiff alleged that he slipped and fell in a parking lot of the restaurant where he worked due to ice and snow which was allowed to remain on the ground, and that the defendant property owner was negligent, in effect, for failing to remove the ice and snow from the parking lot. The restaurant's lease with the defendant reflected that the restaurant was solely responsible for snow and ice removal from the parking lot. A note of issue and certificate of readiness for trial was filed on or about October 2, 2019. Thereafter, the defendant moved for summary judgment dismissing the complaint. More than six months after filing the note of issue and certificate of readiness for trial, the plaintiff cross-moved for leave to amend the bill of particulars to allege that the lighting in the parking lot was insufficient and was a factor in causing his accident. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
"Generally, in the absence of prejudice or surprise . . . , leave to amend a bill of particulars should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Liese v Hennessey, 164 AD3d 1318, 1319 [internal quotation marks omitted]; see Lynch v Baker, 138 AD3d 695, 697). However, "[o]nce discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 960 [internal quotation marks omitted]; see King v Marwest, LLC, 192 AD3d 874, 875; Cioffi v S.M. Foods, Inc., 178 AD3d 1015, 1016). "'[L]eave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new [*2]theories of liability, and causes no prejudice to the defendant'" (Skerrett v LIC Site B2 Owner, LLC, 199 AD3d at 956, quoting Cioffi v S.M. Foods, Inc., 178 AD3d at 1016 [internal quotation marks omitted]). "'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom'" (King v Marwest, LLC, 192 AD3d at 876, quoting Moore v Franklin Hosp. Med. Ctr.-N. Shore-Long Is. Jewish Health Sys., 155 AD3d 945, 946).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the bill of particulars to allege that the lighting in the parking lot was insufficient and was a factor in causing his accident. Contrary to the plaintiff's contention, the proposed amendment to the bill of particulars raised an entirely new theory of liability well after discovery had been completed. Moreover, the proposed amendment was advanced only in response to the defendant's motion for summary judgment, the plaintiff failed to proffer a reasonable excuse for his delay in seeking the amendment, and the proposed amendment was prejudicial to the defendant (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d at 956; King v Marwest, LLC, 192 AD3d at 876; Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828-829; see also Carminati v Roman Catholic Diocese of Rockville Ctr., 6 AD3d 481, 482).
Further, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. "'An owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition'" (Muller v City of New York, 185 AD3d 834, 835, quoting Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267). However, an out-of-possession landlord is not liable for injuries caused by a dangerous condition on leased premises in the absence of a duty imposed by statute or assumed by contract or a course of conduct (see Bartels v Eack, 164 AD3d 1202, 1202; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, there was no statute imposing a duty on the defendant to maintain the parking lot in a reasonably safe condition and the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that pursuant to the lease, the plaintiff's employer was responsible for snow and ice removal in the parking lot and actually undertook to conduct such snow and ice removal by hiring a snow removal company (see Bartels v Eack, 164 AD3d at 1203; Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d 688, 689). The plaintiff's belated assertion of a new theory of liability in opposition to the motion was insufficient to raise a triable issue of fact (see King v Marwest, LLC, 192 AD3d at 877; Carminati v Roman Catholic Diocese of Rockville Ctr., 6 AD3d at 482).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court