Fuentes v Fisher (2022 NY Slip Op 06469)

Fuentes v Fisher

2022 NY Slip Op 06469

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-04230
 (Index No. 613927/18)

[*1]Maria Fuentes, appellant,
v
Carol Fisher, respondent (and a third-party action).

Cannon & Acosta, LLP, Huntington Station, NY (June Redeker of counsel), for appellant.
Bruno, Gerbino, Soriano & Aitken, LLP, Melville, NY (Susan B. Eisner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated May 4, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on a staircase inside premises owned by the defendant and leased to the third-party defendant. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that she did not breach any duty to plaintiff. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a 'duty imposed by statute or assumed by contract or a course of conduct'" (Casson v McConnell, 148 AD3d 863, 864, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Here, where the complaint sounds in common-law negligence and the plaintiff does not allege the violation of a statute, the defendant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that she was an out-of-possession landlord who was not bound by contract or course of conduct to maintain the premises (see Santos v 786 Flatbush Food Corp., 89 AD3d 828, 829). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court