O'Connell v Los Compadres Liquors & Wines (2022 NY Slip Op 07243)

O'Connell v Los Compadres Liquors & Wines

2022 NY Slip Op 07243

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-07665
 (Index No. 608352/16)

[*1]Jennifer O'Connell, etc., respondent, 
v
Los Compadres Liquors and Wines, defendant, Isidro Perez, appellant.

Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for appellant.
Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Andrew Fisher], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Isidro Perez appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered September 28, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 14, 2016, the plaintiff's decedent allegedly sustained personal injuries when he slipped and fell on a wet metal step as he entered a liquor store operated by the defendant Los Compadres Liquors and Wines (hereinafter the tenant). The liquor store was located in a building owned by the defendant Isidro Perez. In October 2016, the decedent commenced this action to recover damages for personal injuries he allegedly sustained in the fall. Perez moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, arguing, among other things, that he was an out-of-possession landlord with no duty to maintain the premises, and that the lease agreement between him and the tenant obligated the tenant to take good care of the premises. In an order entered September 28, 2020, the Supreme Court, inter alia, denied that branch of the motion. Perez appeals.
"'An owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition'" (Muller v City of New York, 185 AD3d 834, 835, quoting Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267). However, an out-of-possession landlord is not liable for injuries caused by a dangerous condition on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty (see Achee v Merrick Vil., Inc., 208 AD3d 542, 543-544; McDonnell v Blockbuster Video, Inc., 203 AD3d 713; Muller v City of New York, 185 AD3d at 835; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, in support of his motion, Perez failed to provide a copy of the lease agreement between himself and the tenant. Consequently, Perez failed to establish, prima facie, that he was an out-of-possession landlord who lacked any contractual obligation to maintain the premises, including [*2]the metal step at issue (see Miske v Selvaggi, 175 AD3d 1526, 1527; Michalczuk v Resort Realty Assoc. Partnership, 131 AD3d 457, 457-458; Richichi v CVS Pharmacy, 127 AD3d 951, 952; Poole v MCPJF, Inc., 127 AD3d 949). Furthermore, contrary to Perez's contention, he could not sustain his prima facie burden by relying on the copy of the lease agreement that he submitted for the first time with his reply papers (see Poole v MCPJF, Inc., 127 AD3d at 949-950).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, since Perez failed to establish his prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court