Sweeney v Hoey (2022 NY Slip Op 07471)

Sweeney v Hoey

2022 NY Slip Op 07471

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-05599
 (Index No. 613325/18)

[*1]Francis Sweeney, respondent,
v
Robert Hoey, et al., appellants.

Hollander Legal Group, P.C., Melville, NY (Allan S. Hollander and Jennifer Ettenger of counsel), for appellants.
Gustman Law, P.C. (The Zweig Law Firm, P.C., Woodmere, NY [Jonah S. Zweig], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated June 26, 2020. The order denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is granted.
On January 7, 2018, the plaintiff allegedly slipped and fell on a snowy and icy condition located in the driveway of a multifamily dwelling in Nassau County in which he leased an apartment. The plaintiff's lease with the defendants, the owners of the subject property, provided that the plaintiff was responsible for snow removal from the driveway. At his deposition, the plaintiff acknowledged that he was responsible for snow and ice removal from a portion of the driveway, which included the area where he allegedly fell. The plaintiff also testified that each time it snowed he shoveled that area of the driveway where the alleged accident occurred.
In October 2018, the plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained in the fall. The defendants moved for summary judgment dismissing the amended complaint. In an order dated June 26, 2020, the Supreme Court denied the motion, and the defendants appeal.
"'An owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition'" (Muller v City of New York, 185 AD3d 834, 835, quoting Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267; see Achee v Merrick Vil., Inc., 208 AD3d 542, 543). "However, an out-of-possession landlord is not liable for injuries caused by a dangerous condition on leased premises in the absence of a duty imposed by statute or assumed by contract or a course of conduct" (Achee v Merrick Vil., Inc., 208 AD3d at 543; see Bartels v Eack, 164 AD3d 1202; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, the defendants demonstrated, prima facie, that they were out-of-possession landlords who were not contractually obligated to remove snow and ice from the subject driveway, [*2]that they did not assume such a duty through a course of conduct, and that they did not violate any relevant statute or regulation (see Achee v Merrick Vil., Inc., 208 AD3d at 544; Broughal v Tae Kwon, 181 AD3d 641; Bartels v Eack, 164 AD3d at 1203; Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d 688, 689). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants had a duty to remove snow or ice under statute or regulation, the terms of the lease, or a course of conduct (see Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d at 689).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the amended complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court