Voltaire v City of New York (2023 NY Slip Op 03040)

Voltaire v City of New York

2023 NY Slip Op 03040

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-06609
 (Index No. 704048/18)

[*1]Dominique Voltaire, appellant, 
v
City of New York, et al., respondents, et al., defendant.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Timothy E. Shanley of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 25, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York and Port Authority of New York and New Jersey which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he slipped and fell on water on the floor inside of Delta Cargo Warehouse Building 21 (hereinafter Building 21) at John F. Kennedy International Airport. The defendant City of New York is the owner of the airport property. It leased the property to the defendant Port Authority of New York and New Jersey (hereinafter Port Authority), which subleased Building 21 to Delta Airlines (hereinafter Delta).
The City and Port Authority (hereinafter together the defendants) moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, arguing that they were out-of-possession landlords with no duty to maintain, repair, or clean Building 21. The Supreme Court granted the motion. The plaintiff appeals.
Generally, an owner or tenant in possession of real property owes a duty of care to maintain the property in a reasonably safe condition (see Henry v Hamilton Equities, Inc., 34 NY3d 136, 142; Gronski v County of Monroe, 18 NY3d 374, 379; Sweeney v Hoey, 211 AD3d 1071, 1071-1072). That duty is premised on the exercise of control over the property, "as the person in possession and control of property is best able to identify and prevent any harm to others" (Gronski v County of Monroe, 18 NY3d at 379 [internal quotation marks omitted]; see Henry v Hamilton Equities, Inc., 34 NY3d at 142). An owner or tenant who has transferred possession and control of leased premises is generally not liable for injuries caused by dangerous conditions thereon in the absence of a duty imposed by statute or assumed by contract or a course of conduct (see Henry v Hamilton Equities, Inc., 34 NY3d at 142-146; Sweeney v Hoey, 211 AD3d at 1072; Muller v City [*2]of New York, 185 AD3d 834, 835).
Here, where the complaint sounds in common-law negligence and the plaintiff does not allege a violation of a statute, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they were out-of-possession landlords who were not bound by contract or course of conduct to maintain the premises (see Fuentes v Fisher, 210 AD3d 869, 870; Lopez v Mattone Group Raceway, LLC, 203 AD3d 909, 909; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (see Orellana v Mendez, 208 AD3d 888, 890; Dalrymple v Morocho, 208 AD3d 751, 753).
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court