Patterson v H.E.H., LLC (2023 NY Slip Op 03358)

Patterson v H.E.H., LLC

2023 NY Slip Op 03358

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-07722
 (Index No. 52620/17)

[*1]Michael Patterson, et al., appellants, 
v
H.E.H., LLC, respondent.

Steven M. Melley, PLLC, Rhinebeck, NY, for appellants.
Phelan, Phelan & Danek, LLP, Albany, NY (John J. Phelan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated September 8, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Michael Patterson (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on ice in an exterior parking lot. The parking lot was owned by the defendant and leased by the injured plaintiff's employer. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, inter alia, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
"'An owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition'" (Muller v City of New York, 185 AD3d 834, 835, quoting Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267; see Achee v Merrick Vil., Inc., 208 AD3d 542, 543-544). "However, an out-of-possession landlord is not liable for injuries caused by a dangerous condition on leased premises in the absence of a duty imposed by statute or assumed by contract or a course of conduct" (Achee v Merrick Vil., Inc., 208 AD3d at 543-544; see Sweeney v Hoey, 211 AD3d 1071, 1071-1072; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, the defendant demonstrated, prima facie, that it was an out-of-possession landlord that was not contractually obligated to remove snow and ice from the subject parking lot, that it did not assume such a duty through a course of conduct, and that it did not violate any relevant statute or regulation (see Sweeney v Hoey, 211 AD3d at 1072; Achee v Merrick Vil., Inc., 208 AD3d at 544; Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d 688, 689).
Contrary to the plaintiffs' contention, the defendant's responsibility under the lease to make certain repairs to the premises did not defeat the defendant's claim that it was an out-of-possession landlord, as it is possible for an out-of-possession landlord to have a limited duty to maintain or repair a leased property in some respect while having no responsibility to maintain [*2]or repair the leased property in another respect (see McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714; King v Marwest, LLC, 192 AD3d 874, 876-877). When an out-of-possession landlord retains some control and some contractual duty to make repairs to the leased premises, the question of liability will turn on whether the injury-producing condition fell within the landlord's contractual responsibilities (see McDonnell v Blockbuster Video, Inc., 203 AD3d at 714-715; King v Marwest, LLC, 192 AD3d at 877).
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant had a duty to remove snow or ice under statute or regulation, the terms of the lease, or a course of conduct (see Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d at 689). The plaintiffs' assertion of a new theory of liability in opposition to the motion was insufficient to raise a triable issue of fact (see Achee v Merrick Vil., Inc., 208 AD3d at 544).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court