Myers v Linden Express Deli Corp. (2023 NY Slip Op 05737)

Myers v Linden Express Deli Corp.

2023 NY Slip Op 05737

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-01242
 (Index No. 713011/16)

[*1]Jermaine Myers, appellant, 
v
Linden Express Deli Corp., defendant, Bakeel, Inc., respondent.

Mallilo & Grossman, Flushing, NY (Ann Jen of counsel), for appellant.
The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins and Christopher Carr of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lance Evans, J.), entered February 17, 2022. The order granted the renewed motion of the defendant Bakeel, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In July 2015, the plaintiff, while walking inside a grocery store/deli where he was a customer, allegedly sustained personal injuries when he fell through an open trapdoor that led to the basement. The grocery store/deli was operated by the defendant Linden Express Deli Corp. (hereinafter Linden Express), which leased the premises from the defendant Bakeel, Inc. (hereinafter Bakeel), the owner of the premises. The plaintiff commenced this action against Bakeel and Linden Express. Subsequently, Bakeel renewed its motion for summary judgment dismissing the complaint insofar as asserted against it, which had been previously denied without prejudice to renew. By order entered February 17, 2022, the Supreme Court granted Bakeel's renewed motion, and the plaintiff appeals.
"An out-of-possession landlord is not liable for injuries that occur on [its] premises 'unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct' to perform the relevant maintenance and repairs" (Washington v Jay St. Dev. Corp., 215 AD3d 717, 718, quoting Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007; see Cali Dev. Corp. v Church Side Realty, LLC, 208 AD3d 451, 452; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, Bakeel established, prima facie, that it was an out-of-possession landlord that did not have a contractual duty under the lease to maintain and repair the trapdoor at issue (see Mastrokostas v 673 Madison, LLC, 109 AD3d 459, 460; Lugo v Austin-Forest Assoc., 99 AD3d 865, 866). Bakeel further established, prima facie, that it owed no duty to the plaintiff by virtue of a course of conduct or any statute upon which the plaintiff relied (see Lugo v Austin-Forest Assoc., 99 AD3d at 866; see e.g. Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d 653, 654). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d [*2]320, 324).
Accordingly, the Supreme Court properly granted Bakeel's renewed motion for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiff's remaining contention need not be reached in light of our determination.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court