Skjoldal v Pacific W. Constr. Corp. (2023 NY Slip Op 06767)

Skjoldal v Pacific W. Constr. Corp.

2023 NY Slip Op 06767

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-00808
 (Index No. 605096/16)

[*1]Leah Skjoldal, plaintiff-respondent, 
v
Pacific West Construction Corp., defendant second third-party plaintiff-appellant, AVR Realty Company, LLC, et al., defendants-appellants, Capone Electrical Contractors Corp., defendant second third-party defendant-respondent (and another third-party action).

Cullen and Dykman LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Katherine Herr Solomon], of counsel), for defendants-appellants.
Andrea G. Sawyers, Melville, NY (David R. Holland and Eric Feldman of counsel), for defendant second third-party plaintiff-appellant.
Stephen A. Skor, South Richmond, NY (Jay T. Breakstone of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants AVR Realty Company, LLC, and Clear Meadow, LLC, appeal, and the defendant second third-party plaintiff, Pacific West Construction Corp., separately appeals, from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered January 2, 2020. The order, insofar as appealed from by the defendants AVR Realty Company, LLC, and Clear Meadow, LLC, denied their motion for summary judgment dismissing the second amended complaint insofar as asserted against them. The order, insofar as appealed from by the defendant second third-party plaintiff, denied those branches of its motion which were for summary judgment dismissing the second amended complaint insofar as asserted against it and on its third-party cause of action for contractual indemnification against the defendant second third-party defendant, Capone Electrical Contractors Corp.
ORDERED that the order is reversed insofar as appealed from by the defendants AVR Realty Company, LLC, and Clear Meadow, LLC, on the law, and the motion of the defendants AVR Realty Company, LLC, and Clear Meadow, LLC, for summary judgment dismissing the second amended complaint insofar as asserted against them is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant second third-party plaintiff; and it is further,
ORDERED that one bill of costs is awarded to the defendants AVR Realty Company, LLC, and Clear Meadow, LLC, payable by the plaintiff, and one bill of costs is awarded to the plaintiff payable by the defendant second third-party plaintiff.
The plaintiff allegedly sustained injuries when she was hit on the head by a light fixture which fell from the ceiling during ongoing renovations to expand a pharmacy where she worked. An employee of the defendant second third-party defendant, Capone Electrical Contractors [*2]Corp. (hereinafter Capone), allegedly lost his balance while performing electrical work above the drop ceiling of the premises, which were owned by the defendant Clear Meadow, LLC (hereinafter together with the defendant AVR Realty Company, LLC, the AVR/Clear Meadow defendants), which, in turn, caused the light fixture to fall. The AVR/Clear Meadow defendants leased the premises to the third-party defendant CVS Corporation, and CVS Corporation retained the defendant second third-party plaintiff, Pacific West Construction Corp. (hereinafter Pacific West), as the general contractor for the renovation project.
The plaintiff commenced this action to recover damages for personal injuries against the AVR/Clear Meadow defendants, Pacific West, and Capone. Pacific West subsequently commenced a third-party action against Capone, seeking contractual indemnification, among other things.
Following discovery, the AVR/Clear Meadow defendants moved for summary judgment dismissing the second amended complaint insofar as asserted against them, and Pacific West moved, inter alia, for summary judgment dismissing the second amended complaint insofar as asserted against it and on its third-party cause of action for contractual indemnification against Capone. In an order entered January 2, 2020, the Supreme Court, among other things, denied the AVR/Clear Meadow defendants' motion, and denied those branches of Pacific West's motion. The AVR/Clear Meadow defendants appeal, and Pacific West separately appeals.
The Supreme Court erred in denying the AVR/Clear Meadow defendants' motion for summary judgment dismissing the second amended complaint insofar as asserted against them. "An 'out-of-possession landlord [is] not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty'" (McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714, quoting Muller v City of New York, 185 AD3d 834, 835 [internal quotation marks omitted]; see King v Marwest, LLC, 192 AD3d 874, 876; Ferraro v 270 Skip Lane, LLC, 177 AD3d 651, 652). Here, the AVR/Clear Meadow defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the second amended complaint insofar as asserted against them by establishing, through the submission of their contract with CVS and the deposition testimony of, among others, the plaintiff, the property manager for the premises, and a former supervisor of Pacific West, that they were out-of-possession landlords and were not bound by contract or course of conduct to maintain the interior of the premises where the plaintiff was injured (see Ferraro v 270 Skip Lane, LLC, 177 AD3d at 652; Fox v Patriot Saloon, 166 AD3d 950, 951). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court properly denied that branch of Pacific West's motion which was for summary judgment dismissing the second amended complaint insofar as asserted against it. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs, Inc., 98 NY2d 136, 138). However, "a party who enters into a contract to render services may be said to have assumed a duty of care[,] and thus be potentially liable in tort[,] to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]; see Vidal v City of New York, 199 AD3d 863, 865). Here, contrary to Pacific West's contention, it failed to establish as a matter of law that it did not assume a duty of care to the plaintiff (see generally Espinal v Melville Snow Contrs., 98 NY2d at 141; Vidal v City of New York, 199 AD3d at 865).
The Supreme Court also properly denied that branch of Pacific West's motion which was for summary judgment on its third-party cause of action for contractual indemnification against Capone. "A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 782; see Khan v 40 Wall Ltd. Partnership, 205 AD3d 789, 791). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 782). Here, Pacific West failed to establish, prima facie, that Capone's actions on the day of the plaintiff's injury satisfied the condition necessary to trigger Capone's obligation to indemnify Pacific West [*3]pursuant to their agreement (see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 782-783).
Since Pacific West failed to establish its prima facie entitlement to judgment as a matter of law on those branches of its motion which were for summary judgment dismissing the second amended complaint insofar as asserted against it and on its third-party cause of action for contractual indemnification against Capone, those branches of its motion were properly denied without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court