Sandoval v GWKMAR Assoc., LLC (2024 NY Slip Op 02717)

Sandoval v GWKMAR Assoc., LLC

2024 NY Slip Op 02717

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-07647
 (Index No. 620310/18)

[*1]Alba Sandoval, appellant, 
v
GWKMAR Associates, LLC, et al., respondents.

Silverstein & Associates, P.C., New York, NY (Richard M. Langone of counsel), for appellant.
Fishman & Cabrera, Melville, NY (Kevin P. Slattery of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated July 15, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell in the parking lot of an industrial facility owned by GWKMAR Associates, LLC (hereinafter GWKMAR, LLC). Thereafter, the plaintiff commenced this action against the defendants, GWKMAR, LLC, and GWKMAR Associates, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. In an order dated July 15, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Lopez v Mattone Group Raceway, LLC, 203 AD3d 909, 909 [internal quotation marks omitted]). "When an out-of-possession landlord retains some control and some contractual duty to make repairs to the leased premises, the question of liability will turn on whether the injury-producing condition fell within the landlord's contractual responsibilities" (McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714-715).
Here, where the complaint sounds in common-law negligence and the plaintiff does not allege the violation of a statute, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they were out-of-possession landlords and were not bound by contract or course of conduct to maintain the premises (see Myers v Linden Express Deli Corp., 221 AD3d 826, 827; Voltaire v City of New York, 217 AD3d 724, 725). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contentions either are not properly before this Court or without merit.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court