Pereira-Labra v Massey (2024 NY Slip Op 04470)

Pereira-Labra v Massey

2024 NY Slip Op 04470

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-02580
 (Index No. 605368/21)

[*1]Oscar Aquiles Pereira-Labra, respondent, 
v
Parvez Massey, et al., appellants.

Rankin Savidge, PLLC, Mineola, NY (Carolyn Rankin and Edward J. Savidge of counsel), for appellants.
Law Office of Gary S. Park, P.C., Flushing, NY (Antonio Marano and Thomas J. Solomon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), dated February 13, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 19, 2020, the plaintiff allegedly slipped and fell on snow and ice on the top landing of the front exterior steps of his residence, which he was renting from the defendants. The plaintiff commenced this action against the defendants, who owned the subject premises, to recover damages for personal injuries that he allegedly sustained. The defendants moved for summary judgment dismissing the complaint, contending that they were out-of-possession landlords who had no duty to remove snow and ice from the premises. In an order dated February 13, 2023, the Supreme Court denied the motion. The defendants appeal.
"An owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition" (Patterson v H.E.H., LLC, 217 AD3d 879, 880 [internal quotation marks omitted]; see Achee v Merrick Vil., Inc., 208 AD3d 542, 543). However, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 556; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, the defendants failed to establish, prima facie, that they were out-of-possession landlords who had not assumed a duty by a course of conduct of removing snow and ice from the front exterior steps of the premises (see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351; Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007). The defendants submitted, inter alia, a transcript of the deposition testimony of the plaintiff, who testified that the defendant Parvez Massey, who owned and resided at an adjacent property, had removed snow and ice from the front exterior steps of the premises during the plaintiff's tenancy, including on the day before the accident. Contrary to the defendants' contention, the lease did not explicitly obligate the [*2]plaintiff to remove snow and ice from the front exterior steps of the premises. Since the defendants failed to meet their prima facie burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court