O'Connell v Los Compadres Liquors & Wines (2024 NY Slip Op 04564)

O'Connell v Los Compadres Liquors & Wines

2024 NY Slip Op 04564

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-05423
 (Index No. 608352/16)

[*1]Jennifer O'Connell, etc., respondent, 
v
Los Compadres Liquors and Wines, defendant, Isidro Perez, appellant.

Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for appellant.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Isidro Perez appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered May 25, 2023. The order denied that defendant's motion for leave to renew his prior motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, which had been denied in an order of the same court entered September 28, 2020.
ORDERED that the order entered May 25, 2023, is affirmed, with costs.
On July 14, 2016, the plaintiff's decedent allegedly sustained personal injuries when he slipped and fell on a wet metal step as he entered a liquor store operated by the defendant Los Compadres Liquors and Wines (hereinafter the tenant). The liquor store was located in a building owned by the defendant Isidro Perez. In October 2016, the decedent commenced this action to recover damages for personal injuries he allegedly sustained in the fall. Perez moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, arguing, among other things, that he was an out-of-possession landlord with no duty to maintain the premises and that the lease agreement between him and the tenant obligated the tenant to take good care of the premises (see O'Connell v Los Compadres Liquors and Wines, 211 AD3d 963). In an order entered September 28, 2020, the Supreme Court denied Perez's motion.
In a prior appeal, this Court affirmed so much of the order entered September 28, 2020, as denied that branch of Perez's motion which was for summary judgment dismissing the complaint insofar as asserted against him (see id. at 963). This Court determined that Perez failed to establish, prima facie, that he was an out-of-possession landlord who lacked any contractual obligation to maintain the premises, as Perez failed to provide a copy of the lease agreement between himself and the tenant (see id. at 964). This Court further determined that "[Perez] could not sustain his prima facie burden by relying on the copy of the lease agreement that he submitted for the first time with his reply papers" (id.).
Thereafter, Perez moved for leave to renew his prior motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, submitting a copy of three pages [*2]of the lease and contending that the lease was inadvertently omitted from the original motion papers. In an order entered May 25, 2023, the Supreme Court denied Perez's motion for leave to renew. Perez appeals.
The Supreme Court providently exercised its discretion in denying Perez's motion for leave to renew. A motion for leave to renew must be based on new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and must contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]; Caracciolo v SHS Ralph, LLC, 226 AD3d 865, 866). Here, Perez failed to demonstrate that his submission of an apparently incomplete copy of the lease would have changed the court's prior determination (see Caracciolo v SHS Ralph, LLC, 226 AD3d at 866; Seegopaul v MTA Bus Co., 210 AD3d 715, 716; Lalicata v 39-15 Skillman Realty Co., LLC, 63 AD3d 889, 890).
We need not reach the parties' remaining contentions in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court